UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 2:20 CR 131-PPS/JPK |
| WILLIAM HAWKINS, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Defendant, William Hawkins, filed a motion for an extension of time to file a section 2255 motion. [DE 52.]  While I am sympathetic to Hawkins, the motion must be denied because it is an unauthorized prospective motion for extension of time to file a 2255.  Moreover, it does not contain any substantive arguments to enable me to construe it as a section 2255 motion.

Williams pleaded guilty to Count 1 of the indictment charging him with unlawful disposition of a firearm to another individual knowing they had previously been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(d)(1), and Count 2 charging him with unlawful possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). [DE 27.]  On March 17, 2022, I sentenced Hawkins to 78 months on each of Counts 1 and 2, to be served concurrently. [DE 42.]  Judgment was entered on March 23, 2022. [DE 44.]  Williams did not file a direct appeal.

On March 20, 2023, the Clerk docketed the instant motion for an extension of time to file a section 2255 petition. [DE 52.] The motion is dated March 15, 2023. *Id.* In the motion, Hawkins requests appointed counsel, and states he is being held in the Lake County Jail pending transfer to Oxford FCI, and is awaiting his trust fund account statement to be processed so he can file a motion for permission to proceed in forma pauperis. [*Id.* at 1-2.] He requests a 60-day extension, asking to have until May 17, 2023, to file his section 2255. *Id.* He clearly is aware of the 1-year statute of limitations, because he states the motion "is at least 2 days prior to the expiration of the time to act." *Id.* at 2.

Section 2255 has a one-year limitation period that begins to run the "latest of" four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing

2

his sentence expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allowed him 14 days after "the entry of either the judgment or the order being appealed" to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i).

Thus, the motion for an extension of time was filed within the one-year statute of limitation. However, the statute does not provide for extensions of time. Although the Seventh Circuit has not directly addressed this issue, courts around the country, including courts in this district, have determined that a district court does not have the authority to extend the deadline for filing a section 2255 motion except only if: (1) the moving party requests an extension *upon or after* filing an actual section 2255 motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period. *See United States v. Stewarts,* No. 08-30129-DRH, 2010 WL 2045008, at *1 (S.D. Ill. May 24, 2010) (collecting cases); *Paschal v. United States*, No. 01 C 4959, 2003 WL 21000361, at *2 (N.D. Ill. 2003) (collecting cases); *see also United States v. Jones*, No. 19 C 1947, 2020 WL 2526478, at * 3 (N.D. Ill. May 18, 2020) (court denied motion for extension of time, ruling "the one-year limitations period does not provide for any advance determination on the appropriateness of an otherwise late filing"); *United States v. Norman*, No. 06-30027-DRH, 2008 WL 4073229, at *1 (S.D. Ill. Aug. 28, 2008); *United States v. Crawford*, No. 07-CR-20106, 2009 WL 1329141 (C.D. Ill. May 11, 2009).

Although this is not binding precedent, I agree with the analysis set forth in *In re Wattanasiri*, 982 F.Supp.955, 958 (S.D.N.Y. 1997), which, in denying a motion for an extension of time to file a motion under section 2255, reasoned as follows:

> To begin with, there is no action or proceeding pending. Movant's criminal case has ended. He has not filed a motion pursuant to 28 U.S.C. § 2255. There is no civil action. Congress has not authorized the district courts to entertain applications such as this. Even if it had, there would be substantial doubt as to the existence of the sort of concrete dispute between adverse parties that is required by the case or controversy requirement of Article III, Second 2 of the United States Constitution.

This same type of analysis was articulated by Judge Springmann in this district, in *United States v. Williams*, No. 1:02-CR-115-TS, 2008 WL 3833829, at *1 (N.D. Ind. Aug. 13, 2008), when she denied a request for an extension of time to file a section 2255 petition, reasoning:

> What the Defendant seeks is essentially an advisory opinion, which federal courts are not authorized to issue. A district court can only rule on the timeliness of a § 2255 petition once the petition has been filed. Because the Defendant has not yet filed such a petition, the timeliness issue and request for an extension of time do not raise issues that are ripe for judicial determination. . . . Also, the Court may not grant any extension of time for a petition that has not yet been (and may not yet be) filed.

Worded differently, section 2255 "does not permit pre-approval of [] tolling based on a hypothetical state of facts. The federal courts have no license to issue advisory opinions, and we may not bend (or for that matter ignore) that principle here, no matter how convenient or efficient the request might otherwise be." *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (quotation marks and citations omitted).

4

I certainly considered the possibility of being able to construe the instant motion for an extension of time as a 2255 petition. To determine whether a defendant's filing is a § 2255 petition, the court looks to the substance of a filing and not its caption. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). In this case, the motion is captioned as a request for an extension of time and there are no substantive arguments contained in the motion. Therefore, I cannot construe the motion for an extension of time as a motion under section 2255. *See Poe v. United States*, 468 F.3d 473, 476 (7th Cir. 2006) (explaining that courts are not required to "construe equivalent postconviction filings as § 2255 motions in order to help prisoners comply with [the] one-year limitations period"); *United States v. Banks*, No. 18 C 2453, 2022 WL 595731, at *4 (N.D. Ill. Feb. 28, 2022) (finding request for an extension of time is not entitled to a generous construction because it was not substantively within the scope of section 2255 "because it presented no claimed ground for relief."). Similarly, Hawkins presented no claimed grounds for relief in the instant motion; therefore, I cannot construe it as challenging his conviction.

Finally, in turning to Hawkins' request for an attorney, he has not yet filed a section 2255 petition. Even if he had, a section 2255 proceeding is an independent civil suit for which there is no constitutional right to the appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). The Seventh Circuit has repeatedly held that "a prisoner seeking a sentence reduction does not have a right to appointed counsel." *United States v. Johnson*,

5

304 F. App'x 464, 465 (7th Cir. 2008); *see also LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967) ("We hold that the law in this circuit is that appointment of counsel for indigents in habeas corpus and section 2255 proceedings rests in the sound discretion of district courts unless denial would result in fundamental unfairness impinging on due process rights."). Consequently, the request for an attorney is denied at this time.

If or when Hawkins files a motion under section 2255, this Court may consider any argument he presents that his motion should be considered timely. Until then, this Court lacks jurisdiction to consider the matter.

Accordingly, the motion for an extension of time to file a motion under section 2255 [DE 52] is DENIED.

ENTERED: March 27, 2023.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT